IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MALEK K. ABDELAZIZ | ) | Case No. 10-51257 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| MICHAEL D. WEST | ) | |
| BANKRUPTCY ADMINISTRATOR | ) | |
| | ) | Adversary Case No. 11-6017 |
| Plaintiff. | ) | |
| | ) | |
| MALEK K. ABDELAZIZ | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**MEMORANDUM OPINION**

This adversary proceeding came before the Court on January 20, 2012 for a trial on the merits. Robert E. Price appeared on behalf of Michael D. West, the United States Bankruptcy Administrator (the "Plaintiff"). The defendant and above-referenced debtor, Malek K. Abdelaziz (the "Defendant"), appeared pro se. The Plaintiff alleges that the Defendant transferred and concealed assets of the estate with an intent to hinder, delay, or defraud an officer of the estate—specifically the Trustee. Based upon such conduct, the Plaintiff alleges that the Defendant should be denied a discharge pursuant to Section 727(a)(2) of the Bankruptcy Code. The Court agrees, and the Defendant's discharge will be denied.

1

## I. FACTS

The Defendant was the president and part owner of Field of Green, Inc., a North Carolina corporation in the business of landscaping and lawn care. On April 29, 2009, Field of Green filed a Chapter 7 petition in this Court, No. 09-50875, and Mr. Burns was appointed as Chapter 7 trustee. The Trustee reached an agreement with the Defendant and his wife, under which the Trustee would sell them all of the assets of the corporation listed in Schedule B for $3,400. Pursuant to this sale, the Defendant purchased all scheduled assets of Field of Green, which consisted of a 2004 Chevy automobile, a 2005 Chevy automobile, a 2000 Isuzu automobile, chairs, bookshelves, a computer, a printer, a mower, an aerator, a Bobcat T190, and a timeshare.

In September 2009, the Trustee was contacted by Ritchie Bros. Auctioneers (America) Inc., who advised him that the Defendant had placed items for sale with Ritchie Bros. The Trustee investigated and determined that certain assets placed at Ritchie Bros. by the Defendant were assets of Field of Green that were not listed in the company's schedules and therefore not previously sold to the Defendant. The Trustee instructed Ritchie Bros. to sell the items and pay all of the proceeds to the Trustee. When the Defendant learned that he would not receive any proceeds from the auction, he removed the items from the sale. On December 8, 2009, in an attempt to learn more about the unscheduled assets, the Trustee filed a Motion to Compel Turnover of Documents. The Motion was continued twice before finally being withdrawn on February 16, 2010, when the Defendant told the Trustee he was ready to make an offer and settle the matter. No offer, however, was ever made.

On July 1, 2010, the Defendant filed his own individual Chapter 7 petition, No. 10-51257. Mr. Burns was appointed Chapter 7 trustee in the Defendant's case as well. In his answer to Question 14 on his Statement of Financial Affairs, the Defendant listed assets belonging to Mr.

Burns, as Trustee for Field of Green, that the Defendant had previously sold at an auction.[1] Upon further investigation, the Trustee learned that the Defendant had sold the assets through Ritchie Bros. on December 8, 2009. These assets included property the Defendant admitted were assets of the Field of Green estate that were neither listed in the company's schedules nor included in the earlier purchase of property from the Trustee.[2] On November 9, 2010, the court entered an order Allowing Settlement of Dispute Regarding Unscheduled Assets. Although the Defendant received more than $4,000 in proceeds from the December auction, the Trustee settled for $2,300 because the Defendant had already spent the money. On March 17, 2011, the Trustee filed this adversary proceeding, seeking to deny the Defendant's discharge. By Order dated June 27, 2911, Mr. West, Bankruptcy Administration was allowed to intervene and to be substituted as a party plaintiff..

## II. DISCUSSION

The primary goal of an individual filing a Chapter 7 bankruptcy petition is to obtain a discharge or a "fresh start." The Bankruptcy Code provides that "the court shall grant the debtor a discharge" unless certain exceptions as set forth in Section 727 apply. 11 U.S.C. § 727. However, the "fresh start" policy is limited to the "honest but unfortunate debtor." Grogan v. Garner, 498 U.S. 279, 286–87, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). This policy is furthered by Section 727 of the

---

[1] These items included an ice maker, wet saw, backpack sprayer, residential push mower, tiller, harley rake, plow, and dethatcher.

[2] Specifically, Defendant listed a Billy Goat push leaf vacuum, Ryan dethatcher, Mantis tiller, two Poulan chainsaws, two brick saws, and a Scotsman ice maker in his pre-trial disclosures as being property of Field of Green. None of these items were listed on Schedule B of the Field of Green petition. These items were ultimately sold at auction for a combined total sales price of $900. See generally In re Cutts, 233 B.R. 563, 571 (M.D. Ga. 1999) (the outcome of a claim under § 727(a)(2) depends on the debtor's intent, not the value of the transferred property).

Code, which provides for the denial of a bankruptcy discharge in certain situations. Section 727(a)(7) provides that a court should not grant a debtor's discharge if "the debtor has committed any act specified in paragraph (2), (3), (4), (5), or (6) of this subsection, on or within one year before the date of the filing of the petition, or during the case, in connection with another case, under this title or under the Bankruptcy Act, concerning an insider." 11 U.S.C. § 727(a)(7). Where a debtor is an individual, an "insider" includes a corporation of which the debtor is a director, officer, or person in control. 11 U.S.C. § 101(31)(A). Therefore, if the Defendant, an officer of Field of Green, committed any act specified in paragraphs (2)-(6) of Section 727 in connection with the Field of Green case within one year before July 1, 2010, his discharge should be denied.

> Section 727(a)(2) provides that the court should not grant a debtor's discharge if:
>
> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed–
>     (A) property of the debtor, within one year before the date of the filing of the petition; or
>     (B) property of the estate, after the date of the filing of the petition.

11 U.S.C. § 727(a)(2). To prevail on a Section 727(a)(2) cause of action, a plaintiff must establish that the debtor (1) transferred or concealed, (2) his property, (3) with the intent to hinder, delay or defraud a creditor, (4) within one year before filing the petition. Id.; see also CM P'ship v. Groover (In re Groover), No. 03-51013, 2004 WL 212948, at *3 (Bankr. M.D.N.C. Jan. 16, 2004). The standard of proof in such an action is by a preponderance of the evidence. Farouki v. Emirates Bank Int'l, Ltd., 14 F.3d 244, 249 (4th Cir. 1994); Ferguson v. Gordon (In re Gordon), No. 99-6036, 2002 WL 925028, at *2 (Bankr. M.D.N.C. May 8, 2002). Once a prima facie case has been established, "the burden may shift to the debtor to provide satisfactory, explanatory evidence." Farouki, 14 F.3d

at 249.  However, the plaintiff bears the ultimate burden of proof. Id.

Under Section 727(a)(2), the debtor must have had the actual intent to hinder, delay, or defraud his creditors. First Leasing Co. v. McGalliard (In re McGalliard), 183 B.R. 726, 732 (Bankr. M.D.N.C. 1995). When a debtor admits that he had the intent to defraud a creditor, there is no need to rely on circumstantial evidence. Perkins v. Arnold (In re Arnold), No. 08-2004, 2009 WL 5217056, at *4 (Bankr. M.D.N.C. Dec. 30, 2009). However, debtors with fraudulent intent are unlikely to disclose it. Thus, courts typically look to circumstantial evidence to determine whether the intent to defraud existed. Courts have identified "badges of fraud" that indicate fraudulent intent, including:

> (1) family, friendship or insider relationships between the parties;
> (2) the debtor's retention of possession, benefit or use of the property in question;
> (3) the lack or inadequacy of consideration for the transfer;
> (4) the debtor's financial condition before and after the transfer;
> (5) the existence or cumulative effect of the pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties, or pendency or threat of suits by creditors;
> (6) the general chronology of the events and transactions under inquiry;
> (7) the debtor's attempt to keep the transfer a secret; and
> (8) the proximity of the transfer to the debtor's filing bankruptcy.

See, e.g., Arnold, 2009 WL 5217056, at *4. A Section 727(a)(2) analysis is necessarily fact-sensitive, and the presence of only one badge of fraud may provide a basis for finding fraudulent intent. Groover, slip op. at 3; McGalliard, 138 B.R. at 732.

In this case, the Plaintiff succeeded in establishing several badges of fraud by a preponderance of the evidence. The evidence establishes that the Defendant concealed property from the Trustee by not listing the property on the Field of Green petition, and then not disclosing it to the Trustee post-petition or offering to buy it with the other assets. The Defendant then secretly

5

transferred the property to third parties by way of auction for his benefit after notice from the Trustee not to do so. The auction remained a secret until the Defendant filed his own Chapter 7 bankruptcy, more than seven months later. Thus, at least two badges of fraud apply: (1) the Defendant's retention of possession of the property in question**;** and (2) the Defendant's attempt to keep the transfer a secret. This chronology of events and transactions, combined with the Defendant's lack of candor with the Trustee and the Court, satisfies all elements of the statute, and the Defendant's discharge should be denied.

### III. CONCLUSION

The Court concludes that the Defendant transferred and concealed assets of the estate with an intent to hinder, delay, or defraud an officer of the estate. The Plaintiff has met his burden of proving by a preponderance of the evidence that the Defendant's discharge should be denied pursuant to Section 727(a)(2) of the Bankruptcy Code. As such, judgment will be entered in favor of the Plaintiff, and the Defendant's discharge will be denied.

This memorandum opinion constitutes the Court's findings of fact and conclusions of law. A separate order will be entered pursuant to Fed. R. Bankr. P. 9021.